### 9762.  ATLANTIC PAPER & PULP CORPORATION
### v. BOWEN.

No cause of action is shown by the plaintiff's petition, by which he sought to recover for injuries alleged to have been caused by a fall in consequence of the breaking of an insufficiently spliced and insecure roof-joist while he was at work with other carpenters building a roof on a shed which was being erected by his employer, the defendant. The case is controlled, in principle, by the case of *Byrd* v. *Thompson*, 146 *Ga.* 300 (91 S. E. 100), and cit.

DECIDED JANUARY 15, 1919.  REHEARING DENIED JANUARY 18, 1919.

Action for damages; from Chatham superior court—Judge Meldrim. April 25, 1918.

*Travis & Travis, Hitch & Denmark,* for plaintiff in error.

*Oliver & Oliver,* contra.

LUKE, J.  Suit was brought against the Atlantic Paper & Pulp Corporation by John Bowen, for damages on account of personal injuries. A general demurrer to the petition was overruled, and error is assigned on that judgment. The petition alleges: The defendant company operates a large plant for the manufacture of paper pulp at Fort Wentworth, in Chatham county, Georgia. During August, 1917, and prior thereto, the defendant was erecting, as a part of its plant, a large shed, about thirty-five feet high. The roof-joists upon which the roof was to be placed covered a span of about forty feet. One of the timbers used by the defendant to span this distance was not long enough for this purpose, and, in order to make the span, the roof-joist had been spliced about midway of the span. This splice was defectively made, and was made simply by nailing a short piece of lumber, about eighteen inches long, across the joint in the rafter. The spliced timber was nailed to the other timbers composing the rafter, with forty or sixty-penny nails. Underneath the joint which had been spliced, there had been placed a prop made of several short pieces of 4x4 scantling, which also had been spliced together to make the prop. The construction above described was improper, defective, and dangerous. The roof-joist should have consisted of a single piece of timber extending from wall to wall, without any joint or break therein to be spliced, but even if the splice had to be made, it should have been made safely and properly. The proper manner in which to splice this rafter was to use a solid 2x8 timber, six or eight feet long, firmly and securely bolted to the ends of the rafter, at the joint and on each side thereof. The prop underneath the splice

should likewise have been of a solid piece of timber, and not stuff picked up and spliced together; and in addition to the splice mentioned and the prop, there should have extended from the splice, diagonally to the walls of the building, and on each side of the splice, a brace of sufficient strength to carry the load placed on the roof; none of which was done. Acting under the orders of the defendant company, petitioner and eight or ten other carpenters mounted the roof for the purpose of putting the sheathing on the rafters, preparatory to putting on the roofing, which was to consist of tar paper. The crew went to the top of the building, and were hoisting up the lumber which was to constitute the sheathing, and a considerable quantity thereof had been hoisted to the roof, and while petitioner and the other employees of the company were nailing the sheathing upon the rafters, the weight of the carpenters and of the lumber caused the splice and the prop to break, precipitating petitioner a distance of thirty-five feet to the ground. As a result of petitioner's fall he has sustained severe injuries, which are described. It is alleged that the injuries are due entirely to the fault and negligence of the defendant, its servants, agents, and employees, for the following reasons, to wit: (1) Because the defendant failed to furnish to petitioner a safe and suitable place in which to perform his work. (2) Because the defendant had constructed the roof upon which petitioner was directed to work in a dangerous and defective manner. (3) Because the rafter supporting the roof was not sufficiently strong for the purposes intended. (4) Because the splice in the rafter was improperly and defectively constructed. (5) Because the prop under the splice was improperly, dangerously and defectively constructed. (6) Because the defendant had provided no side-braces, extending from the splice to the walls of the building, to add to the strength and security thereof. At the time of receiving his injuries, petitioner was working in a place to which he had been sent by defendant company, he did not know of the defects endangering his safety, and could not have discovered the same in the exercise of ordinary care, and was in the exercise of such care, and was free from fault.

This case in principle is controlled by Byrd v. Thompson, 146 Ga. 300 (91 S. E. 100), and cit. The court erred in overruling the general demurrer to the petition.

Judgment reversed. Wade, C. J., and Jenkins, J., concur.