11921. BEACH *v.* SAVANNAH RIVER LUMBER COMPANY.

1. The general rule that requires a master to provide a safe place of work for his servant is applied where the place of work is permanent, and not where the servant's work is constantly shifting to different places

and the place of work is being transformed as a direct result of the servant's labor.

2. Faulty construction of the road-bed of the railroad was not the proximate cause of the death of a railroad employee killed by the falling of a car which, by reason of the giving way of the road-bed, had sunk into a hole, and which, with full knowledge of the danger and the risk assumed, he was attempting to pull out of the hole when the car turned over and fell upon him.

DECIDED MARCH 8, 1921.

Action for damages; from city court of Savannah — Judge Freeman.  October 16, 1920.

*Stephens, Barrow & Heyward,* for plaintiff.

*Hitch & Denmark,* for defendant.

LUKE, J.  In this case an administratrix sought to recover damages on account of the death of her husband, alleged to have been caused by the negligence of the defendant.  The action was brought under the statutes of South Carolina, the injury and death of the deceased having occurred in South Carolina, and the defendant being resident of Chatham county, Georgia.  The plaintiff's petition alleges, substantially, that on December 1, 1919, her husband was in the employ of the defendant as a foreman of a gang of men operating a pile-driver near the defendant's mill in Jasper county, South Carolina; that it was the duty of her husband, with his gang of men, to lay rails and crossties, operate a pile-driver and do such other work as the superintendent of logging and construction directed him to perform; that her husband was ordered to lay cross-ties and rails on a roadbed that had recently been constructed by other employees of the defendant, and, after laying the cross-ties and rails on said road-bed, he was directed to move a pile-driver over said newly constructed railroad to a point near a gully, over which gully piles were to be driven for constructing a trestle or bridge; that the defendant had recently constructed, as an experiment, a combination pile-driver and skidder, which was constructed on a flat-car and weighed about 5700 pounds, and by reason of the construction and weight made the car top heavy; that the road-bed was recently constructed; that her husband was directed to move the flat-car and the pile-driver over the said roadbed toward the gully for the purpose of driving the piles; that after moving the pile-driver and car a short distance, the roadbed gave way

and the car sunk eight or ten inches; that the car was stopped; that after the car was stopped her husband attempted to pull it back, and while standing on the car, operating the engine to pull the car out of the hole, the car turned over and fell on him and crushed him to death; that her husband was in the performance of his duty, free from fault, and exercising due care and diligence for his safety, did not know of the weak spot in the roadbed, and was not warned of the same by the defendant, and, in the exercise of ordinary care and diligence, could not have discovered it; that the defendant knew of the dangerous condition of the roadbed, or in the exercise of ordinary care and diligence should have known it, and should have warned her husband, and that it was the duty of the defendant to have and maintain a safe place for her husband to work. The plaintiff alleges that her husband was killed by reason of negligence of the defendant as follows: (*a*) " Said defendant company negligently failed to provide the said M. H. Beach with a safe and properly constructed roadbed for him to operate the said skidder-car and pile-driver on and over; (*b*) that said defendant company negligently required the said M. H. Beach to operate said skidder-car and pile-driver over an unsafe, weak, and defectively constructed roadbed without warning the said M. H. Beach of the unsafe, weak, and defective condition of said roadbed; (*c*) that said defendant company negligently provided the said M. H. Beach with an experimental, unsafe, defectively constructed and top-heavy skidder and pile-driver; (*d*) said defendant company negligently required the said M. H. Beach to use .and operate the same without warning him of the defective construction and top-heaviness thereof, and the danger that might exist in the use thereof or result therefrom. " The defendant demurred to the petition, upon the ground that there was no cause of action. The court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

It was not error to sustain the general demurrer. Under repeated rulings of the Supreme Court and of this court, the general rule requiring a master to furnish his servant with . a safe place to work is applied to a permanent place, and does not apply to places constantly shifting and being transformed as a direct result of the servant's labor. See *Cowart* v. *Southern Marble Co.,* 144 *Ga.* 255 (87 S. E. 282), and cases cited; *Atlantic Paper*

& *Pulp Corp.* v. *Bowen,* 23 *Ga. App.* 249 (97 S. E. 867) ; *Armour* v. *Hahn,* 111 U. S. 440 (4 Sup. Ct. 433, 28 L ed. 440).

In the instant case the allegations of the plaintiff clearly show that the proximate cause of the death of the plaintiff's husband was not faulty construction of the roadbed, for it is pleaded that after the roadbed had given way the deceased was not injured, and would not have been injured had it not been for the fact that, with full knowledge of the danger and risk assumed, he undertook to pull the pile-driver and car out of the hole into which they had sunk. Whatever may have been the negligence of the defendant · in the construction of the roadbed, and however little the deceased may have known of the dangerous and weak construction of the roadbed, when the car sunk and the roadbed gave way he was fully apprised of its defects and weaknesses, was at a place of safety, free from dangers of the roadbed upon which he himself had placed cross-ties and laid rails, and would have escaped injury had he not undertaken to pull the car from the hole into which it had sunk. The reasons here given, pointing out the defects in the plaintiff's petition, are in accord with the laws of the State wherein the plaintiff's husband lost his life. The court did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*