HARBISON-WALKER REFRACTORIES COMPANY *v.* HARMON.

[No. 17,150. Filed November 18, 1943.]

*William J. McAleer, Francis J. Dorsey* and *William L. Travis,* all of Hammond, for appellant.

*Richard S. Kaplan,* of Gary *(Allan S. Gould,* of Chicago, Illinois, of counsel), for appellee.

FLANAGAN, J.—The Industrial Board found that James Harmon contracted an occupational disease,

silicosis, as a result of his employment with the appellant, Harbison-Walker Refractories Company, and that said disease became complicated with tuberculosis and caused his death on August 12, 1942. It awarded compensation to his widow, Jeanne Harmon, appellee herein.

On this appeal appellant, under the proper general assignment that the award of the board is contrary to law, contends (1) that its objections to the introduction of certain evidence by appellee should have been sustained, (2) that the evidence is insufficient to show that it received notice of the disablement of the decedent as required by the statute, § 40-2225, Burns' 1933, § 16523, Baldwin's 1934, and (3) that the evidence is insufficient to show that appellant died from an occupational disease contracted while he was in the employ of appellant.

Appellant does not point out the questions to which it objected, nor does it set forth its objections or the answers. We are therefore unable to consider its contention as to the incompetency of admitted evidence. *Hooper* v. *Preuss* (1941), 109 Ind. App. 638, 37 N. E. (2d) 687.

The pertinent part of the statute governing notice of disablement which is here involved, reads as follows:

"(a) No proceedings for compensation under this act shall be maintained unless notice has been given to the employer of disablement arising from an occupational disease as soon as practicable after the date of disablement. No defect or inaccuracy of such notices shall be a bar to compensation unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inaccuracy.

"(b) That notice provided for in the preceding subsection shall state the name and address of the employee, the nature and cause of the occupational

disease and disablement or death therefrom, and shall be signed by the disabled employee, or by some one in his behalf, or by one [1] or more of the dependents, in case of death, or by some person in their behalf. Such notice may be served personally upon the employer, or upon any foreman, superintendent or manager of the employer to whose orders the disabled or deceased employee was required to conform or upon any agent of the employer upon whom a summons in a civil action may be served under the laws of the state, or may be sent to the employer by registered letter, addressed to his last known residence or place of business."

The record discloses that on July 22, 1942, decedent's attorneys sent the following letter to appellant:

"You are advised that I represent James Harmon, who resides at 4001 McCook Avenue, East Chicago, Indiana, who was in your employ recently.

"You are further advised that Mr. Harmon is now disabled and bed-ridden as a result of having contracted silicosis in and during the course of his employment in your East Chicago plant.

"I shall appreciate hearing from you with respect to the possibility of any amicable disposition of the same."

Appellant's attorneys replied that the matter had been referred to them and that they did not consider their client liable.

On August 17, 1942, appellee's attorneys delivered to appellant's attorneys the following letter:

"Please Take Notice that a post mortem autopsy on the body of the above named deceased will be performed on the 18th day of August, 1942, at the hour of 2:00 P. M. at Hinton's Funeral Home, 4950 Alexander Avenue, East Chicago, Indiana.

"At which time and place you may appear if you see fit so to do."

Appellant contends that the first letter concerned the claim of the decedent and that the widow should have given notice specifying that the deceased died as a result of an occupational disease contracted while in appellant's employ. We see no merit in this contention. The employer had written notice during the lifetime of the decedent that he claimed to be suffering from an occupational disease contracted during his employment. After his death the employer had written notice of his death and was invited to attend the autopsy.

The statute requires that notice "shall be signed by the disabled employee, or by some one in his behalf, or by one or more of the dependents, in case of death, or by some person in their behalf." Where the employee has given notice of his disablement during his lifetime there has been full compliance and no further notice of his disablement by a dependent is required by this section.

Appellant contends that the evidence is insufficient to show that the decedent died as a result of an occupational disease contracted while in its employ- ment. In support of this contention it says that science has developed a formula to determine whether there is sufficient free silica dust to cause silicosis, and also a formula for diagnosing silicosis, and that the evidence does not meet the requirements of these formulas.

We disposed of appellant's contention as to the first formula in the case of *Harbison-Walker Refractories Co.* v. *Turks* (1942), 110 Ind. App. 563, 39 N. E. (2d) 791. We might add, however, that if appellant is correct as to the amount of silica dust necessary to bring about silicosis, then the fact that an employee does contract silicosis certainly supports the inference that

the amount required by the formula was present. In the instant case there is ample evidence of the presence of free silica dust in large quantities where the decedent worked.

As to appellant's contention concerning the formula for diagnosing silicosis, the evidence here shows by qualified experts that the decedent did contract silicosis, that the silicosis became complicated with tuberculosis, and that he died as a result. We cannot ignore this evidence because other experts disagree with these witnesses as to the proper formula to use in diagnosing the disease.

There is ample evidence to sustain the finding of the board.

Award affirmed with 5% increase.

NOTE.—Reported in 51 N. E. (2d) 398.