WALTER BLEDSOE & COMPANY *v.* BAKER

[No. 17,814. Filed February 1, 1949. Rehearing denied March 11, 1949.]

148

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, John S. Taylor, J. Olias Vanier, John T. Hays, C. B. Dutton, Jr., Leslie E. Howell* and *Garza Baldwin, Jr.,* all of Sullivan, for appellant.

*Mann & Stohr,* of Terre Haute, for appellee.

DRAPER, J.—The Industrial Board, by a majority of its members, found that the appellee in the performance of his duties for his employer "was exposed to

and did contract an occupational disease known as pneumoconiosis of anthracosis type, and which disease follows as a natural incident of the work as the result of exposure occasioned by the nature of the plaintiff's employment." The Board further found a resultant temporary total disability and entered an award accordingly.

The employer appeals.

The evidence most favorable to the appellee discloses a 64 year old man who has worked as a coal miner for about 48 years, and who has operated an electrical coal cutting machine at this particular mine for 24 years. He worked without respirator of any kind. During these cutting operations the air would become so foggy with clay and coal dust "you could not see the machine." Sometimes there was practically no air. Some three or four years ago a shortness of breath developed. Toward the last the condition worsened, and whenever the appellee tried to do anything he could not "get his wind." In June, 1946, he was compelled to quit work. Exercise produces shortness of breath, but no pain accompanies shortness of breath on exertion.

According to appellee's physician, whose qualifications were admitted by appellant, appellee's air sacs and bronchial tree have been severely damaged by dust inhaled at his occupation; in his opinion appellee has pneumoconiosis, probably anthracosis; anthracosis is produced most readily by hard coal dust, but is also produced by soft coal dust; the conditions under which appellee worked have gradually produced his present condition.

The appellant produced several expert witnesses. They agreed pneumoconiosis was present in both lungs and further agreed appellee was disabled. Although appellee's heart appeared to be of normal size and

proper relative position, having no murmurs, rate normal, regular rhythm and electrocardiogram negative, they attributed appellee's condition to heart trouble and contributing infirmities which afflict many people of advancing age. They said the pigment or carbon particles of soft coal were not irritating to the lungs, stated that pneumoconiosis is a generic term and is a condition prevalent in every adult to some extent; and further testified that anthracosis is not disabling; is not a disease; and is not disease producing. All agreed that appellee's condition was in no way attributable to his employment. One of them admitted that in his opinion the appellee had a very early anthracosis as disclosed by the X-ray. Another, a Dr. Sappington, not only examined appellee and his X-ray pictures, but also conducted exhaustive tests of the air in the mine during cutting operations, and expressed the opinion that the appellee had no industrial disease and such could not be produced by the conditions under which appellee worked. No expert was appointed or testified pursuant to § 20 (K) of the Act.

The term "pneumoconiosis" is recognized as a generic term used to cover all dust diseases of the lungs—an abnormal diseased condition of the lung. *Mercatante* v. *Michigan Steel Casting Co.* (1948), 320 Mich. 542, 31 N. W. 2d 712. Anthracosis is defined as "A condition of widespread deposition of coal dust within the lungs from inhalation of sooty air. Severe forms are known as miner's phthisis and collier's lung." Webster's New International Dictionary, Second Edition.

The appellant insists the appellee failed to discharge his burden of proving there was an occupational disease health hazard in his employment, with resulting disabling occupational disease; that Dr. Sappington was the only competent witness on the

question of the existence of an occupational health hazard; that he testified none such existed; and his testimony being uncontradicted we must reverse as a matter of law.

We cannot agree. Those versed in the relevant sciences may disagree concerning the conditions that would or could produce an occupational disease in a workman who has been exposed to such conditions. The testimony of such scientist is entitled to the careful consideration of the trier of the facts. Nevertheless, this court ·is committed to the doctrine that a workman does not have the burden of proving an exposure which meets the requirements of any particular scientific formula in order to recover. Neither is the workman's case destroyed, as a matter of law, by the opinion of an expert produced by the employer, that no occupational disease health hazard existed at the place of employment, even though such opinion may be based on tests conducted by such expert witness. We have held that when the evidence most favorable to the workman shows a long exposure to disease producing dust as a consequence of his employment, and further shows that he is afflicted with the disease, such evidence will support the inference that the disease producing dust was present in sufficient quantity and concentration to account for his affliction. *Inland Steel Co.* v. *Voutos* (1948), 118 Ind. App. 335, 77 N. E. 2d 126; *Harbison-Walker Refractories Co.* v. *Turks* (1942), 110 Ind. App. 563, 39 N. E. 2d 791; *Harbison-Walker Refractories Co.* v. *Harmon* (1943), 114 Ind. App. 144, 51 N. E. 2d 398.

Other questions raised by the appellant also involve questions upon which the evidence was conflicting. Considering, as we must, only the evidence most favorable to the appellee, we hold

that it establishes all the elements necessary to a recovery under the statute.

Award affirmed with 5% penalty.

NOTE.—Reported in 83 N. E. 2d 620.