LEONARD *v.* KRAFT FOODS COMPANY.

[No. 18,215. Filed December 20, 1951. Rehearing denied January 25, 1952.]

132

 

*Crawford & Crawford,* of Terre Haute, for appellant.

*Mann, Stohr & Mann,* of Terre Haute, for appellee.

WILTROUT, P. J.—Appellant brings here for review an adverse determination of the Industrial Board made upon his application for compensation under the Indiana Workmen's Occupational Disease Act.

The Board found:

"That from July 19, 1943, to March 3, 1949, plaintiff was continuously in the employ of defendant Kraft Foods Company at an average weekly rate at all times in excess of $42.00; that plaintiff was employed as a field man, with duties requiring him to call upon farmers, assist them and advise them in the handling of bovine disease and breeding problems, and in general build good will, particularly among dairy patrons of defendant's plant.

"That plaintiff diligently pursued his duties from said July, 1945, (1943?) until late December, 1943, when he became ill with chills, pain and an intermittent temperature; that he sought medical advice, but his ailment persisted, and on February 26, 1944, he was committed to a hospital for observation where his condition was diagnosed as brucellosis, or, undulent fever.

"That plaintiff was released from said hospital on March 6, 1944, and returned to his work despite pain, aches, chills and intermittent fever, and continued until October of 1946, when a recurrence of said disease became disabling and he was again hospitalized. That he thereafter returned to work for defendant Kraft Foods Company with intermittent attacks of chills, pain and temperature, and continued so to work with occasional days of illness until January 1, 1949, when his condition again required hospitalization and he was incapacitated for three weeks; that thereafter he attempted to return to work but because of said disease he was unable to perform his duties, and gave them up on

March 3, 1949; that all of said incidents of illness and hospitalization were recurrences following his original exposure and contraction of said disease, brucellosis.

"It is further found that plaintiff's condition reached a permanent stage in January, 1944, and that as a result of said exposure and disablement in December, 1943, and January, 1944, and recurrences thereof, plaintiff has sustained a 45 percent permanent partial impairment of the plaintiff as a whole man.

"It is further found that upon the evidence produced and the records of the insurance department of the Industrial Board of Indiana, of which the Board takes judicial notice, defendant Kraft Foods Company filed its election to accept the provisions of the Occupational Disease Act of Indiana on November 26, 1945; that the occupational disease compensation policy of said defendant's carrier, Travelers Insurance Company, became effective on August 31, 1945, and so remained until January 1, 1947; that thereafter defendant Ideal Mutual Insurance Company became the occupational disease insurance carrier of defendant Kraft Foods Company and so remained until date of this hearing.

. . . .

"It is further found that defendant Kraft Foods Company on said December 20, 1943, had not elected to become subject to the provisions of the Occupational Disease Act of Indiana, and did not so become subject to, and insured under, said act until November 26, 1945; that for such reason the Industrial Board of Indiana is without jurisdiction to hear and adjudicate plaintiff's cause of action."

Appellant argues that the evidence compels a conclusion that he was continuously exposed to the hazards of the disease for more than three years after appellee became subject to the Act, at which time disablement occurred; that this continuous exposure caused his condition resulting from the disease contracted in 1943, or 1944, to be aggravated. He further argues that the

Board in effect held that it could not consider additional exposure and the aggravation of his condition. We are unable to agree with appellant.

Evidence was presented that undulant fever is contracted through milk and milk products and by contact with hogs, dairy cattle, and dairy equipment.

Appellant introduced evidence that he had been in contact with cattle which had Bang's disease, prior to the time he first contracted undulant fever. There is no evidence other than this that any farm animals or any equipment or products with which he thereafter came in contact were infected with any disease which would cause undulant fever. Appellant's contention that the evidence compels a conclusion that he had three years of continuous exposure to the disease after appellee became subject to the Act fails.

Where a person comes in contact with cattle and hogs and associated products and equipment and thereafter acquires undulant fever, an inference might well arise that the fever resulted from such contact. Where a person has undulant fever and his condition has become permanent or chronic, we cannot say, in the absence of evidence to that effect, that additional contacts with farm animals and equipment would aggravate his condition, even if they were infected, or would compel an inference that the animals or equipment were actually infected.

Appellant testified that he has never been well since he was first hospitalized in the early part of 1944. Testimony was given by doctors that in their opinion appellant's impairment became permanent or chronic within a few months following his recovery from the acute symptoms in 1943 and 1944; that once a person gets into a chronic state of undulant fever improvement is rare. One doctor testified that appellant has been in more or less the same physical condition since

he first saw him in 1946. Another testified that appellant's present trouble is due to his contracting undulant fever in 1943, or the early part of 1944. Still another testified that he did not think that once undulant fever is acquired it increases in its effects as time goes on.

Where the evidence and the inferences arising therefrom are in conflict, we must consider only the evidence most favorable to the appellee. *Walter Bledsoe & Company* v. *Baker* (1949), 119 Ind. App. 147, 83 N. E. 2d 620; *Square D Company* v. *O'Neal* (1946), 117 Ind. App. 92, 66 N. E. 2d 898.

In this state of the record we cannot say that the Board's findings are without support in the evidence, or that the evidence compels a different conclusion.

Affirmed.

Royse, J., not participating.

NOTE.—Reported in 102 N. E. 2d 512.