### 11780. DECATUR LUMBER COMPANY v. FULTON.

JENKINS, P. J. 1. "As a general rule, a servant is under no obligation to inspect the appliances about which he works or that part of the plant by which his safety may be affected, for the purpose of discovering concealed dangers which would not be disclosed by superficial observation." *Southern Cotton Oil Co.* v. *Dukes*, 121 *Ga.* 787 (2) (49 S. E. 788); *Austin* v. *Appling*, 88 *Ga.* 54, 57 (13 S. E. 955); *Cochrell* v. *Langley Mfg. Co.*, 5 *Ga. App.* 317, 320 (63 S. E. 244).

2. "When machinery, though not perfect in all respects, can be and has been used in safety under given circumstances, a servant using such machinery is warranted in acting upon the assumption that the master has fulfilled and will continue to fulfill his duty to see that the circumstances are such that the machinery can be used with safety, unless it is apparent to the servant that the master has failed to fulfill his duty in this respect, or such failure can be ascertained by the servant's using that degree of care which the law imposes upon him." *Southern Cotton Oil Co.* v. *Dukes*, supra.

3. Not only is it true that "the duty of inspecting for defects which would not be disclosed by superficial observation is not primarily imposed upon a servant" who is employed merely to operate a machine or to see that it is operated, but, "except where the injured employee is an inspector, the master's means of knowledge of latent defects in the machinery furnished are primarily to be considered as greater than those of the servant." *Hubbard* v. *Macon Ry. & Light Co.*, 5 *Ga. App.* 223 (62 S. E. 1018); *Southern States Portland Cement Co.* v. *Helms*, 2 *Ga. App.* 308 (58 S. E. 524). See also *Burton* v. *Wadley So. Ry. Co.*, 25 *Ga. App.* 380 (103 S. E. 881); *Beard* v. *Georgian Mfg. Co.*, 8 *Ga. App.* 618 (2) (70 S. E. 57); *Hines* v. *Little*, 26 *Ga. App.* 136 (105 S. E. 618).

4. A petition by a servant against his master for injuries resulting from defective machinery is not deficient under section 3131 of the Civil Code (1910), as failing to allege that the servant injured did not know and had not equal means of knowing of such defect, "and by the exercise of ordinary care could not have known thereof," where the petition alleges that the defect was "unknown to" petitioner, "and could not have been known to him upon inspection or the exercise of care, but same was known or should have been known to the defendant;" such allegations being taken as the equivalent of the requirement set forth by the code. *Charleston &c. Ry. Co.* v. *Miller*, 115 *Ga.* 92 (2). (41 S. E. 252).

5. The petition was good as against general demurrer. *Cedartown Cotton & Export Co.* v. *Miles*, 2 *Ga. App.* 79, 81-83 (58 S. E. 289); *Southern States Portland Cement Co.* v. *Helms*, supra; *Southern Cotton Oil Co.* v. *Gladman*, 1 *Ga. App.* 259, 260 (8) (58 S. E. 249); *Cochrell* v. *Langley*, supra.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MARCH 16, 1921.

Action for damages; from city court of Bainbridge — Judge Spooner. August 4, 1920.

Fulton sued the Decatur Lumber Company for damages on account of personal injuries, alleging the following facts: The plaintiff was employed in the defendant's sawmill as a butting-saw operator, and when injured was operating such a saw, " suspended from rafters or cross-beams in the top of the mill-shed, so that the saw was about the height of an average man's chest from the ground. " It " was suspended in such manner that it would swing from side to side in a semicircular manner, as the pendulum of a clock, and was so adjusted by the use of a cable, to which there was attached a heavy iron. . . When the saw was not being used, it would be drawn by means of said rope or cable and weight out of plaintiff's way and danger. " When it was necessary to use the saw he would grasp " the hand-hold attached to the bars or beams sustaining the saw, and pull the same across the log or timber for the purpose of cutting the same." While thus acting in the employ of defendant, in accordance with his previous instructions and custom, the plaintiff reached out and took " hold of the handle-piece to pull the saw through a piece of timber for the purpose of cutting the same, " and then, in accordance with such instructions and his custom, turned " the same loose, so that it might be drawn by the cable and weight " back to where it was supposed to stay. " After the saw had been thus pulled back by the cable and weight at a considerable angle away from " him " the rope or cable to which the weight was attached broke, and the saw, which was circular in nature and revolving at great rapidity, swung " against him, " causing the injuries for which he sues. " It is alleged that he was without fault; " that it was not his duty to examine the rope and cable, nor could he have ascertained from an examination of the same that it was defective or might break; " that it " was the duty of the defendant to have and maintain safe appliances for the operation of such a dangerous instrument as a circular saw, and that they were negligent in not so doing; that the cable and weight were insecurely and negligently swung; that the same was unknown to . . petitioner, and could not have been known to him upon inspection or the exercise of care; but the same was known or should have been known to the defendant; " and that the defendant was fur-

ther "negligent, in (a) not providing and furnishing" the petitioner "a safe place within which to work, and (b) in not providing and furnishing . . petitioner with safe appliances with which to work, and (c) that said rope and cable were negligently fixed."

T. S. Hawes, for plaintiff in error.

Hartsfield & Conger, contra.