28550. MIDDLEBROOKS *v.* ATLANTA METALLIC CASKET COMPANY.

Decided November 16, 1940.

*Clint W. Hager, J. F. Kemp,* for plaintiff.

*Hirsch, Smith & Kilpatrick, E. D. Smith Jr.,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) A master must use reasonable care and diligence to provide a safe place for his servant to perform the work for which he employs him. Therefore a master should make reasonable provision for his protection against dangers to which he is necessarily exposed while performing such work. *Jackson* v. *Merchants &c. Transportation Co.,* 118 *Ga.* 651 (45 S. E. 254) ; *International Cotton Mills* v. *Webb,* 22 *Ga. App.* 309 (96 S. E. 16). And where the services required by the master of his servant are of a peculiarly dangerous character, it is the duty of the master to make reasonably adequate provisions to protect him from the dangers to which he is exposed in performing such services. 39 C. J. 338; *Atlantic Paper & Pulp Corporation* v. *Bowen,* 24 *Ga. App.* 569 (102 S. E. 36). "A servant can rely upon the performance of the duty of furnishing a safe place in which to work. Danger arising from an unsafe place is not included within the risks assumed by the servant." *Southern Cotton-Oil Co.* v. *Horton,* 22 *Ga. App.* 155 (95 S. E. 765) ; *Tufts* v. *Threlkeld,* 31 *Ga. App.* 452, 460 (121 S. E. 120). An ordinary employee or servant does not by virtue of his employment assume the risk incident and peculiar to such employment, arising from latent dangers in connection therewith, of which he has no knowledge. It is only where a danger is obvious, and the work is at-

tended with a manifest risk which is as easily known to the servant as to the master, that the latter will not be held liable on account of his failure to warn the servant. *Tufts* v. *Threlkeld,* supra. As to the latent dangers, incident to the employment, unknown to the servant, of which the master knows or ought to know, the master must give the servant warning in respect thereto. See Code, § 66-301. A servant is not charged with knowledge of latent defects and dangers, and has the right to assume that the master has provided for his safety and care. Risks which are obvious only to those possessing scientific knowledge are not chargeable to the servant. The ordinary servant, in the absence of a warning by the master, will not be presumed to have knowledge of such scientific principles. 27 L. R. A. (N. S.) 954, and cit. A master "must take into account the properties of such substances as he employs for the purpose of his business and the operation of familiar physical laws upon these substances," and he is chargeable with knowledge of the fact that fumes or dust given off by various substances used in industrial processes are poisonous to persons who inhale them. Harvey v. Welch, 86 N. H. 72 (163 Atl. 417), and cit.

It is the duty of an employer to warn and instruct his employees and furnish them with means to avoid inhaling fumes which are poisonous or injurious to their health. Jacque v. Lock Insulator Cor., 70 Fed. 2d, 680, 683, and cit. This duty is based upon an assumption of the master's greater knowledge of the dangers incident to the employment. A master, employing in his business substances and processes of which some one has or should have scientific knowledge, must acquaint the servant with the dangers ascertainable by a knowledge of scientific principles, and to which the servant in his ignorance will be otherwise subjected. Adams v. Grand Rapids Refrigerator Co., 160 Mich. 590 (125 N. W. 724); Allen Gravel Co. v. Curtis, 173 Miss. 416 (161 So. 670), and cit.; 18 R. C. L. 571. "Regarding the duty to warn employees of the hazards of the work, the master is charged with the knowledge of the usual and ordinary dangers and hazards to which he is exposing his employees, and is bound to know the normal condition of his premises, and to know of the nature of the constituents and general characteristics of the substances used in his business, so that he can give directions for the conduct thereof with ordinary

safety to his servants performing the work with ordinary care; and particularly is the master chargeable with a knowledge of risks ascertainable only through a knowledge of scientific facts which an uneducated man is not presumed to know; the doctrine that imputes this knowledge to the master is called the 'assumption of skill' and for the purpose of determining this knowledge the law has a standard which does not vary with the actual capacity of the particular master, and consequently his ignorance is no excuse for a failure to warn." 39 C. J. 491. In *Beard* v. *Georgian Mfg. Co.*, 8 *Ga. App.* 618 (70 S. E. 57), this court said: "Every proprietor of a business is conclusively presumed to have knowledge of the nature of the constituents and general characteristics of the substances and things used in his business." Consequently, "Where an employer places and continues an employee for a substantial length of time in the regular performance of work and under conditions which, in the absence of preventive means and precautions, are calculated to engender in the employee a disorder of serious and injurious character, regardless of the name by which the disease is known, it is the duty of the employer to warn . . and to furnish him with reasonably effective means to avoid them, and where as the direct result of failure to perform this duty an employee in the exercise of reasonable care suffers injury through a disorder so contracted he is entitled to recover." (Citations.) Zajkowski *v.* American Steel &c. Co., 258 Fed. 9, 11 (2). Decisions of various jurisdictions are in accord in holding that the master must warn his servant of the conditions under which he is employed which are liable to engender disease, and furnish suitable protection from such danger, provided that the master is in a position to have greater knowledge of the danger than the servant. 6 A. L. R. 355, note. As we have seen, the employee is not presumed to have knowledge of hidden dangers which require a scientific knowledge to fully appreciate, neither does he assume the risk thereof. Unless he is warned or undertakes the work with such knowledge, he is not as a matter of law chargeable therewith.

In O'Connor *v.* Armour Packing Co., 158 Fed. 241, the court, after laying down the well-established principle as to the duty of the master to furnish the servant a safe place to work, said: "The same principle is applicable where the servant is put to work on material that is dangerous to his health or life. The duty of

the master in this respect is primary and nonassignable." In Pigeon *v.* W. P. Fuller & Co., 156 Cal. 691 (105 Pac. 976), it appeared from the facts that the plaintiff therein was employed by the defendant company in the manufacture of white lead, and that on entering the employment the plaintiff was not warned or instructed as to the danger connected with his duties, and as a result he suffered from lead poisoning. The court, in sustaining a verdict for the plaintiff, said: "There was abundant testimony tending to show that the process of the manufacture of white lead, as conducted by the defendant, was dangerous to those assisting in the work, the danger arising from the inhalation of fumes and vapor thrown off from the melted pig lead, and of particles of dust coming from the metal after it had been corroded in the process of converting it into white lead. The jury was fully warranted in finding that the plaintiff was ignorant of this danger when he entered the defendant's employ. It is not pretended that the defendant ever gave him any warning or instruction with regard to the matter, nor that it ever made any inquiry as to whether or not he had had any prior experience which would give him any knowledge concerning the danger. As we have already suggested, it certainly can not be said that the danger of lead poisoning arising from the melting of pig lead or the handling of white lead is so obvious and apparent to the ordinary mind that the plaintiff must be held to have known of it, and, for this reason the defendant was not justified in assuming that he had the requisite knowledge." In Wiseman *v.* Carter White Lead Co., 100 Neb. 584 (160 N. W. 985), it appeared that the plaintiff was poisoned by lead fumes, and that he had not been warned by his employer that the inhalation of such fumes would result in serious injury. The court, citing and following the rule in the Pigeon case, supra, said: "In the face of appellant's contention . . that there is no danger in the employment in question, it can hardly be claimed that the plaintiff must, as matter of law, be held to have known that the inhalation of the fumes and dust had a tendency to produce lead poisoning, with its accompaniment of loss of teeth, paralysis, and derangement of the digestive organs. *This is not a fact of universal knowledge, nor was it necessarily apparent to one employed, even for a long time, in defendant's work.* [Italics ours.] The risks assumed by a servant are only the ordinary risks of the em-

ployment. He does not assume the risk of hidden dangers which are, to the knowledge of the master, not apparent to him." Therefore, applying the above principles, the plaintiff's petition as amended, was good as against a general demurrer.

The decision of this court in *Connell* v. *Fisher Body Cor.*, 56 *Ga. App.* 203 (192 S. E. 484), is not authority to the contrary. In that case the court held that the disease was not sustained by the plaintiff employee as a result of the negligence of the defendant or of the defendant's omission to perform his duty to warn the employee of the danger incident to the performance of his work, as in the case sub judice. It did not appear, as it does in this case, that the plaintiff did not have equal opportunities with the defendant of discovering the danger. The court found as a matter of law that the danger incident to the work was an obvious one, and held: "A servant not only assumes the ordinary risks of his employment, but he assumes all obvious risks, or risks which he could know of by the exercise of ordinary care and diligence." The court then held, that the presence of dust in the air in and about where the plaintiff was working must be taken to have been obvious to him, as well as the fact that he breathed it into his nose and lungs; that, it not appearing that the plaintiff was not a man of ordinary intelligence, judgment, and discretion, he should have known that to inhale dust was deleterious to his health and subjected him more readily to infection by disease germs, and therefore that the employee assumed the risk. The court stated that the plaintiff did not allege, and his petition could not be so construed, that the dust breathed by him actually furnished the germ which caused the disease. In the present case it is distinctly alleged that the dust and fumes inhaled by the plaintiff produced lead poisoning. It can not be said that the danger of lead poisoning arising from the inhalation of fumes and dust is so obvious and apparent to the ordinary man that a common, ordinary, and uneducated servant or laborer must be held, as a matter of law, to have known of it. The risks assumed by the servant are the ordinary and known risks of his employment, and he does not assume the risk of hidden dangers of which he has no knowledge and which are not apparent to him, but of which, under the law, the master is presumed to know —such dangers arising from the use of substances and processes by the master in his business.

628

It follows that the judge erred in sustaining the general demurrer and dismissing the action.

Judgment reversed. *Sutton and Felton, JJ., concur.*