28989. MARTIN *v.* TUBIZE-CHATILLON CORPORATION.

482

DECIDED DECEMBER 4, 1941.    REHEARING DENIED DECEMBER 19, 1941.

484

*Maddox & Griffin,* for plaintiff.

*Barry Wright, Dudley Magruder Jr., Jack Rogers,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) The controlling question is whether the allegations of the petition show that the plaintiff's injuries resulted from an occupational disease or whether they resulted from an accidental injury compensable under the workmen's compensation act. The plaintiff alleged that his employer was a manufacturer of rayon; that sulphuric acid is one of the ingredients of rayon and is used in the manufacture of rayon, and that in the kind of work performed by him for his employer he was exposed to the fumes which emanated from sulphuric acid; that his place of work was not sufficiently ventilated to carry off these fumes; that they filled the air in the place of work and had to be breathed into his lungs; that he was ignorant of the dangers incident to inhaling such fumes; that the defendant did not inform him of this danger, and did not provide

any mask or take any other precautionary measures to prevent the plaintiff from breathing such fumes; that in his work he was exposed to such fumes for several years, and that on or before December 24, 1938, he was required and did work in the spinning room of the defendant for three days at sixteen hours a day; that his injury occurred by reason of "his exposure to the fumes of said acid for the long period of time he had worked for said defendant and particularly his continuous exposure for sixteen hours per day for three successive days prior to December 24, 1938."

An occupational disease is one caused by or especially incident to a particular employment. It is a diseased condition arising gradually from the character of the work in which the employee is engaged, that is, a disease acquired in the usual and ordinary course of an employment which from common experience is recognized to be incidental thereto. It has been said to be the natural and reasonably to be expected result of a workman following a certain occupation for a considerable period of time. See *Lumbermen's Mutual Casualty Co.* v. *Lynch,* 63 *Ga. App.* 530, 534 (11 S. E. 2d, 699). In *Middlebrooks* v. *Atlanta Metallic Casket Co.,* 63 *Ga. App.* 620 (11 S. E. 2d, 682), this court held the defendant master liable to its servant for injuries resulting from the inhalation of fumes, dust, and particles of lead over a period of time while engaged in the manufacture of metallic caskets. The petition in the present case alleges a state of facts similar to those in the *Middlebrooks* case. It is contended, however, by the defendant that the plaintiff's injuries were not the result of his exposure to these fumes over a long period of time, but were caused by his continuous exposure to such fumes sixteen hours each day for three days, and that for this reason the present case is not like the *Middlebrooks* case and falls within the ruling in *Lumbermen's Mutual Casualty Co.* v. *Lynch,* 63 *Ga. App.* 530 (11 S. E. 2d, 699), where this court held: "Disability to an employee caused by a disease which results from unusual, sudden, and unexpected inhalation of gas or fumes, while performing the duties of his employment, where the disease causing the injury is not the natural result of the existence of conditions necessarily incident to the work being performed, is the result of an injury by accident and is compensable under the compensation act." This court does not agree with this contention. It appears from the petition as

amended that the plaintiff's injuries were brought about by exposure to sulphuric acid fumes over a considerable period of time, and that his continuous exposure for sixteen hours each day for three days hastened his injuries which in all probability would have resulted without such three days of continuous exposure although perhaps not so soon as such injuries did result. The allegations do not show a sudden and unexpected inhalation of sulphuric acid fumes. Therefore it does not appear that the injuries were caused by a disease which resulted from unusual and unexpected inhalation of fumes so as to render such disease one resulting from accident or injury within the contemplation of the workmen's compensation law. Rather, the allegations show a disease caused by and incident to the plaintiff's working in a factory where rayon was being manufactured, and where the air was filled with sulphuric acid fumes, which factory was not properly ventilated so as to prevent the inhalation of such fumes by those working therein. Under the allegations the jury would be authorized to find that the plaintiff's exposure to sulphuric acid fumes caused his injury, and that if the defendant's plant had been properly ventilated, or if the defendant had provided proper precautionary measures, such injury might not have been sustained. In *Berkeley Granite Co.* v. *Covington*, 183 *Ga.* 801 (190 S. E. 8), the Supreme Court held: "Where as the result of an employer's negligence an employee breathes quantities of granite dust over a period of time and in the course of his employment, and the breathing of said dust causes the disease of silicosis, such disease is not the result of an injury or accident within the meaning of the Georgia workmen's compensation act (Code, § 114-102), and is not compensable thereunder." See also *Covington* v. *Berkeley Granite Cor.*, 182 *Ga.* 235 (184 S. E. 871); *Simmons* v. *Etowah Monument Co.*, 42 *Ga. App.* 633 (157 S. E. 260); 71 C. J. 599, and cit.

The petition does not show that the plaintiff is not entitled to recover because he assumed the ordinary risks of his employment and was injured because he knowingly worked at a hazardous undertaking; but it appears that the plaintiff was unaware of the danger of breathing sulphuric acid fumes; that the defendant knew or ought to have known of such danger; that such danger was not an obvious one; and that the defendant took no precau-

tionary measures to prevent its employees, including the plaintiff, from breathing sulphuric acid fumes.

The petition as amended set out a cause of action, and the court erred in sustaining the general demurrer and the special demurrers which are covered by the rulings herein made. All the rulings sustaining the demurrers and which the plaintiff in error complains of are herein passed on.

*Judgment reversed. Sutton, J., concurs. Felton, J., concurs in the judgment.*