## 31409. PEERLESS WOOLEN MILLS v. PHARR.

460

DECIDED SEPTEMBER 27, 1946.   REHEARING DENIED NOVEMBER 7, 1946.

*S. W. Fariss, Owen & Gross, Neely, Marshall & Greene,* for plaintiff in error.

*James Maddox, Herbert G. B. King,* contra.

SUTTON, P. J. (After stating the foregoing facts.) ■ The plaintiff in error contends that the court erred in overruling its objection to the plaintiff's amendments to the petition, on the ground that they set out a cause of action new and distinct from

that declared on in the original petition. There is no merit in this contention. The cause of action declared on in the petition was the contraction by the plaintiff of the occupational or industrial disease of dye or soap poisoning, whereby he was injured, as the proximate result of specified acts of negligence of the defendant in failing to furnish the plaintiff, its employee, with a safe place to work and safe tools and equipment with which to work, and in failing to warn the plaintiff of the latent dangers incident to his work, which dangers were well known to the defendant but unknown to the plaintiff, and in knowingly permitting the plaintiff to return to work where he came in contact with the soap or dye solutions after their danger to the plaintiff was known to the defendant but unknown to the plaintiff, whereby the plaintiff again became afflicted with the rash or eruption on his hands and body caused by his contact with the soap or alkali solutions used by the defendant in the industrial processes in its manufacturing plant. "Relatively to the law of pleading, a cause of action is some particular legal duty of the defendant to the plaintiff, together with some definite breach of that duty which occasions loss or damage." *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691, 699 (13 S. E. 809). It was held in *City of Columbus* v. *Anglin*, 120 *Ga.* 785, 793 (48 S. E. 318): "So long as the facts added by the amendment, however different they may be from those alleged in the original petition, show substantially the same wrong in respect to the same transaction, the amendment is not objectionable as adding a new and distinct cause of action." In the present case, the petition alleged a legal duty on the part of the defendant to furnish the plaintiff with a safe place to work, proper tools with which to work, and proper precautions to keep the plaintiff from being injured by the substances used by the defendant in its industrial processes, and a breach of that duty, in the manner alleged, in August, 1942, when the defendant permitted the plaintiff, under the circumstances set out in the petition, to return to work and to come in contact with the soap or alkali solutions that caused the rash or eruptions to break out again on his arms and body. The amendments allowed, while they changed the time when the plaintiff was employed by the defendant, and the time when he was first treated for the rash or eruption on his arms and body, did not change the time or manner in which the defendant was charged with negligence in per-

mitting the plaintiff to return to work in August, 1942, whereby he came in contact with the soap and alkali solutions. While the facts added by the amendments were somewhat different from those set out in the original petition, they showed substantially the same legal wrong with respect to the same transaction, that is, a continuation and repetition of the same legal wrong, and were not objectionable as adding a new and distinct cause of action. The right to amend is liberal; and the judge did not err in allowing the amendments over the objection by the defendant, that the amendments set out a cause of action new and distinct from that pleaded in the petition.

Nor did the court err in allowing the amendments over the objection of the defendant, that by the amendments the plaintiff was seeking to recover damages for a tort committed in August, 1942, whereas in his original petition he sought damages for a tort committed on or before January 1, 1941. The tort declared on in the original petition, and in the amendments thereto, was the negligence of the defendant in permitting the plaintiff, under the circumstances alleged, to come in contact with a soap or alkali solution which poisoned him and caused the rash or eruption to break out on his arms and body; and both the original petition and the amendments thereto alleged that the defendant was negligent and breached the duty which it owed to the plaintiff, in the particulars alleged, by permitting the plaintiff to come in contact with the soap or alkali solutions in August, 1942, whereby the rash or eruption again broke out on the plaintiff's arms and body and injured him. The amendments were not subject to the objections made against them, and the court did not err in overruling the objections and in allowing the amendments.

◼ The defendant demurred generally to the petition as amended upon the ground that it failed to set out a cause of action. This ground of demurrer is without merit. "Where . . an employee sustained an injury which caused an 'occupational disease,' if the injury was not the result of an accident and was not compensable under the Workmen's Compensation Act, the employee is not prevented by the terms of the act from maintaining against his employer an ordinary or common-law action to recover damages for such injury and disease." *Covington* v. *Berkley Granite Corp.,* 182 *Ga.* 235

(184 S. E. 871). A master must use reasonable care and diligence to provide a safe place for his servant to perform the work for which he employs him and must make reasonable provision for the protection of the servant against dangers to which he is necessarily exposed while performing such work. An ordinary servant or employee does not by virtue of his employment assume the risk incident and peculiar to such employment arising from latent dangers in connection therewith of which he has no knowledge. As to the latent dangers incident to the employment, unknown to the servant but of which the master knows or ought to know, the master must give the servant warning in respect thereto. A master must take into account the properties of such substances as he employs, and is chargeable with knowledge of the fact that various substances used in industrial processes are poisonous and injurious to persons who come in contact with them. *Middlebrooks* v. *Atlanta Metallic Casket Co.*, 63 *Ga. App.* 620, 623 (11 S. E. 2d, 682). Also, see *Martin* v. *Tubize-Chatillon Corp.*, 66 *Ga. App.* 481 (17 S. E. 2d, 915).

Nor did the court err in overruling the ground of general demurrer, that the petition as amended showed on its face that the cause of action was barred by the statute of limitations. The petition sought to recover damages for injuries to the person, which "shall be brought within two years after the right of action accrues." Code, § 3-1004. While the plaintiff alleged that he first came in contact with the soap and alkali solutions after his employment in 1940, and that he received treatment in January, 1941, for the rash or eruptions caused by the soap and alkali solutions coming in contact with his arms and body, he alleged negligence and a breach of duty on the part of the defendant in August, 1942, when it permitted the plaintiff, under the circumstances alleged, to return to work where he came in contact with the soap and alkali solutions, which caused the rash or eruptions to break out again on his arms and body and aggravated the condition. The petition alleged that the disease gradually developed due to the constant and continuous contact of the solutions with the plaintiff's arms and body in his daily work. While he was treated in 1941 for the rash or eruption, in August, 1942, he was again placed where he came in contact with the solutions. It was said in Sadowski *v.* Long Island R. Co., 292 N. Y. 448 (55 N. E. 2d,

497) : "The duty of defendant to furnish plaintiff with a reasonably safe place in which to work and reasonably safe appliances with which to do the work required of him with safety was a continuing nondelegable duty to the time plaintiff left the particular employment. Kreigh v. Westinghouse, Church, Kerr & Co., 214 U. S. 249, 256 (29 Sup. Ct. 619, 53 L. ed. 984) ; Bailey v. Central Vermont R. Co., 319 U. S. 350 (63 Sup. Ct. 1062, 87 L. ed. 1444). The wrong committed coincided as to time with that duty. The injury gave rise to the cause of action and occurred before the plaintiff left defendant's employ. He continued to work until he was totally disabled . . but did not return to work after his collapse on August 25, 1939."

Under the allegations of the present petition as amended, it appears that the action was brought within two years from the negligence or breach of duty on the part of the defendant which caused or contributed to the injuries sustained by the plaintiff, and the court did not err in overruling the ground of general demurrer, that the cause of action was barred by the statute of limitations. In this connection, see Silvertooth v. Shallenberger, 49 Ga. App. 133 (2) (174 S. E. 365), and citations.

■ The court did not err in overruling the ground of general demurrer, that the petition showed that what occurred to the plaintiff in August, 1942, was the result of an accident arising out of and in the course of his employment, within the meaning of the Workmen's Compensation Act, and that the plaintiff was not entitled to maintain his action for damages since it appeared from the petition that both the plaintiff and the defendant had accepted the provisions of that act. The plaintiff sought to recover damages for injuries sustained from contracting the occupational or industrial disease known as dye or soap poisoning as the proximate result of the acts of negligence of the defendant set out in the petition as amended. Such occupational or industrial disease is not compensable under the provisions of the Workmen's Compensation Act. Code, § 114-102; Simmons v. Etowah Monument Co., 42 Ga. App. 633 (157 S. E. 260). In this connection, also see Lumbermen's Mutual Casualty Co. v. Lynch, 63 Ga. App. 530 (11 S. E. 2d, 699) ; Martin v. Tubize-Chatillon Corp., supra. Under the allegations of the petition as amended, the injuries sued for were not

the result of an accident arising out of and in the course of the plaintiff's employment, within the meaning of the Workmen's Compensation Act, and the judge did not err in so holding.

The cases cited and relied on by the plaintiff in error are distinguishable on their facts from the present one, and do not require or authorize a ruling in this case different from the one made herein. In *Bibb Manufacturing Co.* v. *Alford,* 51 *Ga. App.* 237 (179 S. E. 912), the claimant, while at work, fainted and fell to the floor injuring his arm, and the issue before the court was whether or not the physical seizure was induced by or related to the claimant's employment. *In Lumbermen's Mutual Casualty Co.* v. *Lynch,* supra, this court held that, where the disease to the claimant's lung resulted from a sudden and unexpected inhalation of gas and fumes caused by welding carried on in a manhole beneath the street, and did not result from a diseased condition arising gradually from the character of the work in which the claimant was engaged, the injury was the result of an accident arising out of and in the course of the claimant's employment. In the present case, it is alleged that the claimant is suffering from an industrial or occupational disease, arising gradually from the character of the work which the plaintiff had been performing for the defendant. In *Lumbermen's Mutual Casualty Co.* v. *Layfield,* 61 *Ga. App.* 1 (5 S. E. 2d, 610), this court held that "Any injury caused by sudden jarring of a shovel over a period of three days is not an occupational disease;" while, in the present case, it is alleged that the plaintiff is suffering from the disease of soap or dye poisoning, which is an occupational disease under all the allegations of the plaintiff's petition.

■ The trial court did not err in allowing the amendments to the petition or in overruling the general demurrer to the petition as amended.

*Judgment affirmed. Felton and Parker, JJ., concur.*