18656. NORTH BRITISH & MERCANTILE INSURANCE
CO. *v.* MERCER.

ARGUED SEPTEMBER 13, 1954—DECIDED OCTOBER 13, 1954 — MOTION FOR
MODIFICATION OF COURT OF APPEALS OPINION DENIED NOVEMBER 10, 1954.

*Smith, Field, Doremus & Ringel, Douglas, McWhorter &
Adams,* for plaintiff in error.

*Connerat, Dunn, Hunter, Cubbedge & Houlihan, E. Ormonde
Hunter,* contra.

DUCKWORTH, Chief Justice. ■ An insurance contract should,
if its terms will permit, be construed to effectuate the intention
of the parties. Code § 56-815. But since the insurer chooses
the verbiage of the contract, all provisions therein that are sus-
ceptible of more than one meaning must be construed most fav-
orably to the insured. *Hulsey* v. *Interstate Life & Acc. Co.,* 207
*Ga.* 167 (60 S. E. 2d 353).

This case arises solely over the meaning of the exclusion clause

of the insurance contract, and specifically the meaning of a single word therein, to wit: "vermin." This clause provides that the insurer shall not be liable for damages to the insured's property caused by "vermin." The undisputed evidence shows that the injury to property for which claim was made was done by a squirrel. Consequently a decision in the case calls for a construction of the exclusion clause to determine if it includes squirrels.

The smaller dictionaries define vermin to mean "noxious, mischievous or mean animals or insects." The larger New International Webster's Dictionary (2d ed.), after giving in substance the above meaning, proceeds to specify or particularize by naming the class of animals and insects to which it refers "as flies, lice, bedbugs, fleas, etc., various mammals, as rats, mice, weasels, etc." Therefore, guided by the foregoing rules of construction, we construe the word "vermin" as here used to refer to "rats, mice, etc." and hence squirrels are not included therein.

We are not in the slightest persuaded against the above construction by further dictionary definitions such as (1) a rodent is one of the rodentia, and (2) both squirrels and rats are members of this order of mammals. Despite the fact that vermin means noxious, mischievous, etc., mammals such as rates, mice, etc., it does not follow therefrom that other animals that are admittedly not "rats, mice, etc.," but are squirrels, must be vermin because a squirrel belongs to the order of rodentia and rats also belong to that same order of mammals.

Therefore, without considering any of the evidence introduced to prove that a squirrel is not considered vermin, we construe the contract and hold that the word "vermin" as therein used does not mean a squirrel. Hence the injury to the insured property is covered by the policy, although it was caused by a squirrel. From what has been ruled above, it follows that the judgment of the Court of Appeals must be affirmed.

■ We granted certiorari because we thought that the contract ought to be construed for future guidance, and also to correct what we believed to be a misleading although correct statement —when the evidence is considered—made in the opinion of the Court of Appeals. That statement is: "the evidence of the plaintiff could not be relied upon by the defendant to perform

this function," i. e., prove that the loss was within the exclusion clause; and in the corresponding headnote of the opinion: "the defendant fails to offer any evidence bringing the loss within the exclusion clause of the policy, and the evidence of the plaintiff can not be relied upon by the defendant to perform this function for it." Of course, the plaintiff's evidence, instead of proving a squirrel is vermin, proved the contrary, and could not be used by the defendant to carry its burden of proving its defense. But the general rule of law is that either party is completely free to use all evidence introduced by the other to prove any material fact that helps his case.

*Judgment affirmed. All the Justices concur.*