36766.   PAPPADEA *v.* CLIFTON.

DECIDED JUNE 21, 1957.

*William F. Braziel, Harry P. Anestos,* for plaintiff in error. *John J. Sullivan, James W. Head,* contra.

CARLISLE, J. It is a well recognized rule that if a judgment is right for any reason it should be affirmed. *Barksdale* v. *Security Investment Co.,* 120 *Ga.* 388 (4) (47 S. E. 943) ; *Huggins* v. *Southeastern Lime &c. Co.,* 121 *Ga.* 311 (1) (48 S. E. 933) ; *Berry* v. *Robinson & Overton,* 122 *Ga.* 575 (2) (50 S. E. 378) ; *Johnson* v. *Boyd,* 202 *Ga.* 531 (43 S. E. 2d 524).

" 'Where, in ruling upon demurrers, the trial court allows time for the filing of an amendment such court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the earlier judgment on the demurrers, and such earlier judgment or judgments shall not be subject to exception or review.' *Weinstein* v. *Rothberg,* 87 *Ga. App.* 94 (73 S. E. 2d 106) ; *Sellers* v. *City of Summerville,* 88 *Ga. App.* 109 (76 S. E. 2d 99) ; *Aiken* v. *State Farm Mutual &c. Ins. Co.,* 88 *Ga. App.* 131 (76 S. E. 2d 141) ; *Godwin* v. *Hudson,* 93 *Ga. App.* 858 (93 S. E. 2d 379)." *Butler* v. *Jackson,* 94 *Ga. App.* 632 (95 S. E. 2d 761).

"A servant is bound to exercise ordinary care and skill in pro-

tecting himself from danger (Civil Code of 1910, § 3131); and this is true whether he be acting on his own initiative or under the direct command of his master. 'If the order was negligent and the servant knew of the peril of complying with it, or if he had equal means with his master of knowing of the peril, or by the exercise of ordinary care might have known thereof, then he can not recover for an injury received in complying with the order.' *Southern Ry. Co.* v. *Taylor*, 137 *Ga.* 704 (1 a) (73 S. E. 1055); *Hightower* v. *Southern Ry. Co.*, 146 *Ga.* 279 (2), 281 (91 S. E. 52, L. R. A. 1917C, 481). But while it is thus true that the *standard* of diligence to which the servant is amenable, and under which he is ever required to exercise ordinary care, remains invariable (*Central R. Co.* v. *Ryles*, 84 *Ga.* 420 (1), 11 S. E. 499; *Harris* v. *Central R.*, 78 *Ga.* 525, 526 (6), 536, 3 S. E. 355; *Central of Ga. Ry. Co.* v. *Hartley*, 25 *Ga. App.* 110, 112 (6), 103 S. E. 259), and he is not excused for actual negligence by reason of the fact that the injury results from his obedience to such a direct and specific command, when it appears that he failed to exercise ordinary care, or that the risk was obvious, or that he knew or had equal means with the master of knowing of the unusual peril involved in a compliance with the command, it is nevertheless true that what in any given case amounts to 'ordinary care' is to be determined by the jury in the light of all the surrounding facts and circumstances existing at the time of the injury, including the issuance of the command by the master to the servant. *Henderson* v. *Hines*, 26 *Ga. App.* 334 (2) (106 S. E. 197); Labatt on Master & Servant (2d ed.), 3929 et seq.; 18 R. C. L. 655. Thus, except in cases where the unusual and unnecessary danger involved in a compliance with a direct and specific command of the master is plainly apparent, or where the servant has actual knowledge of such danger, the fact that the servant was injured while acting in compliance with such a command can properly be shown as a circumstance throwing light upon the ultimate question respecting his diligence and as tending to excuse his conduct, which might otherwise be adjudged as evincing a lack of ordinary care. Especially is this true where the master's command is accompanied by an assurance of safety to the servant. This is true for the reason that the servant does not always

have, nor in all cases could he be presumed to have, 'equal means with the master of knowing of the peril' (*Southern Ry. Co.* v. *Taylor*, supra) ; for while it is true that a servant is presumed to know of the existence of the ordinary natural laws of universal application (*Williams* v. *Atlantic Coast Line R. Co.*, 18 *Ga. App.* 117), still what is commonly referred to as the 'doctrine of skill' frequently makes the knowledge implied against the master with reference to the conduct of his business superior to that implied against the servant (*Beard* v. *Georgian Mfg. Co.*, 8 *Ga. App.* 618 (2), 70 S. E. 57; *Burton* v. *Wadley Southern Ry. Co.*, 25 *Ga. App.* 599, 603, 604, 103 S. E. 881; *Decatur Lumber Co.* v. *Fulton*, 26 *Ga. App.* 499 (3), 106 S. E. 609), and since, 'as a general rule, a servant is under no obligation to inspect the appliances about which he works or that part of the plant by which his safety may be affected, for the purpose of discovering concealed dangers which would not be disclosed by superficial observation' (*Southern Cotton Oil Co.* v. *Dukes*, 121 *Ga.* 787 (2), 49 S. E. 788; *Decatur Lumber Co.* v. *Fulton*, supra) ; and finally for the reason that it is ordinarily true that 'a servant is bound to obey the order of his master unless the command includes a violation of the law, or the act required is so obviously dangerous that no person of ordinary prudence would undertake to perform it' (*Moore* v. *Dublin Cotton Mills*, [127 *Ga.* 609, 56 S. E. 839, 10 L. R. A. (NS) 772], supra), and it is one of the absolute, continuous, and non-assignable duties of the master to refrain from giving negligent orders. *Columbus Mfg. Co.* v. *Gray*, 9 *Ga. App.* 738 (2) (72 S. E. 273); *Cherokee Brick Co.* v. *Hampton*, 16 *Ga. App.* 53, 54 (5) 63 (84 S. E. 328); *International Cotton Mills* v. *Webb*, 22 *Ga. App.* 309 (2) (96 S. E. 16)." *Central of Ga. Ry. Co.* v. *Lindsey*, 28 *Ga. App.* 198 (2) (110 S. E. 636).

Under an application of the foregoing rules, the trial court in the order to which exception is taken, in effect overruled the general demurrer to the petition as finally amended, and properly held that the petition stated a cause of action under the ruling in the *Lindsey* case, supra. The first order upon the general and special demurrers in which time was allowed for amendment is not, of course, reviewable. The next order overruling the general demurrer was proper, as following the amendment it was incum-

bent under Code (Ann.) § 81-1001, upon the trial court to enter a judgment on the sufficiency of the pleading. It was, also, within the power of the court during the same term at which that order was entered, to permit the order to be opened for further argument and citation of authority. It matters not that in the final order overruling the demurrer to the petition as finally amended whether the judge overruled the demurrer out of courtesy to his confrere who had entered the original order overruling the general demurrer to the original petition, as his final order may seem to imply, or whether he overruled the demurrer under an application of the law as it existed prior to the amendment of Code (Ann.) § 81-1001 in 1952, believing that the amendment did not reopen the pleading to demurrer, the correct result was reached in the final order in the application of the rule stated in the *Lindsey* case.

*Judgment affirmed.* *Gardner, P. J., and Townsend, J., concur.*