39428.   GENESCO, INC. v. GREESON.

DECIDED APRIL 3, 1962—REHEARING DENIED APRIL 25, 1962.

800

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Ernest P. Rogers, Barry Phillips,* for plaintiff in error.

*Hamilton Lokey, Lokey & Bowden, Joseph E. Cheeley, Jr.,* contra.

EBERHARDT, Judge. The contentions of defendant's general demurrer are twofold, viz., (1) that this court should take judicial notice that "pneumoconiosis" is caused only by inhaling mineral and metallic particles; and, (2) that plaintiff assumed the risk of his employment.

■ In support of its first contention, the defendant cites a number of medical authorities of which the following definition of pneumoconiosis is illustrative: "A disease of the lungs caused by the habitual inhalation of irritant *mineral or metallic* particles." Webster's New International Dictionary (3rd Ed.) (Emphasis added). Others cited to the same effect are Webster's, supra, (2d Ed.); Blakiston's New Gould Medical Dictionary (2d Ed.); 18 Encyclopedia Britannica 101 (1957 Ed.). The argument then proceeds that, since this court would judicially know that "pneumoconiosis" can only be caused by mineral or metallic particles, presence of the suede or leather dust as alleged here could not have caused the plaintiff to have that disease.

It is clear that the doctrine of judicial notice can be utilized in rulings on demurrers. *Lamar Elec. Membership Corp. v. Carroll,* 89 Ga. App. 440, 458 (79 SE2d 832); *North British &c. Ins. Co. v. Mercer,* 211 Ga. 161 (84 SE2d 570). However, it is equally clear that this court will not and cannot take judicial notice of any scientific fact that is subject to being disproved. *Irwin v. Torbert,* 204 Ga. 111, 125 (49 SE2d 70); *Central of Ga. R. Co. v. Lawley,* 33 Ga. App. 375 (3) (126 SE 273). See generally, Green, Georgia Law of Evidence §§ 4-5.

The plaintiff comes forward with the following definition of pneumoconiosis: "Lung diseases due to the inhalation of minute particles. It is attended by fibroid induration and pigmentation." Dorland, American Illustrated Medical Dictionary (17th Ed.). The same authority listed a number of forms of pneumoconiosis which are *not* caused by mineral or metallic particles but are caused by cotton dust (byssinosis), tobacco dust

(tabacosis) and ostrich feathers (ptilosis). To the same effect is a discussion in Gray, Attorney's Textbook of Medicine (3d Ed.) § 132.02 and the definition in Maloy, Medical Dictionary for Lawyers (2d Ed.).

A number of cases from other jurisdictions support the proposition that pneumoconiosis is a generic term which includes all lung diseases caused by dust particles of any sort. Walter Bledsoe & Co. v. Baker, 119 Ind. App. 147 (83 NE2d 620, 621); Brown v. St. Joseph Lead Co., 60 Idaho 49 (87 P2d 1000, 1004); Mercatante v. Michigan Steel Casting Co., 320 Mich. 542 (31 NW2d 712, 713); Golden v. Lerch Bros., Inc., 211 Minn. 30 (300 NW 207, 210). See 32A Words & Phrases, 345-347 (Perm. Ed.).

Judicial notice should be used sparingly by the court to strike down pleadings. Where there is apparent conflict in the medical authorities as to the causes of a named disease and where the definition urged by the defendant is apparently subject to disproof, we cannot take judicial notice of any such causes or definition and on the basis thereof sustain a general demurrer.

Defendant's assumption of risk point is bottomed on *Connell v. Fisher Body Corp.*, 56 Ga. App. 203 (192 SE 484). In *Connell*, plaintiff worked in the defendant's wood shop where he was seated next to a circular wood saw. This saw was alleged to have been continuously in operation which "caused a terrific amount of dust to fill the air in and about [plaintiff] and caused [plaintiff] to breathe the air. . ." The dust breathed by plaintiff was alleged to have caused him to have tuberculosis.

There the defendant's general demurrer was sustained on the basis that the plaintiff had assumed not only "the ordinary risks of his employment, but . . . all obvious risks, or risks which he could know of by the exercise of ordinary care and diligence." It was further stated that "It is inconceivable to this court that a man possessing ordinary intelligence would not know that to inhale dust is deleterious to health, and therefore subjects him more readily to infection by disease germs." *Connell v. Fisher Body Corp.*, 56 Ga. App. 203, 209, supra.

However, the court did, at page 208, indicate a willingness to

"uphold the right of the plaintiff to maintain an action for disease contracted in the course of his employment and through the negligence of the master. . ." This was later done in cases like *Middlebrooks v. Atlanta Metallic Casket Co.*, 63 Ga. App. 620 (11 SE2d 682), *Martin v. Tubize-Chatillon Corp.*, 66 Ga. App. 481 (17 SE2d 915) and *Peerless Woolen Mills v. Pharr*, 74 Ga. App. 459 (40 SE2d 106). The cases involved lead poisoning, sulphuric acid blindness and soap (dye) poisoning, respectively. In each it was held that the servant had not assumed the risk because it was not obvious (the court either distinguished or ignored *Connell*, supra) and that the master was chargeable with knowledge of the diseases that might be contracted.

This last doctrine is known as the "assumption of skill" and means that the master is "conclusively presumed to have knowledge of the nature of the constituents and general characteristics of the substances and things used in his business . . . [which] frequently make the knowledge implied against the master superior to that implied against the servant as to things used in connection with the master's business." *Beard v. Georgian Mfg. Co.*, 8 Ga. App. 618 (2) (70 SE 57). And, having such knowledge, the master is under a duty to warn his servant of the dangers involved. *Code* § 66-301. See applications of the same rule in varying factual circumstances: *Burton v. Wadley Southern R. Co.*, 25 Ga. App. 599, 603-4 (103 SE 881); *Hines v. Little*, 26 Ga. App. 136 (3) (105 SE 618); *Decatur Lumber Co. v. Fulton*, 26 Ga. App. 499 (3) (106 SE 609); *Central of Ga. R. Co. v. Lindsey*, 28 Ga. App. 198 (2) (110 SE 636); *Padgett v. Southern R. Co.*, 48 Ga. App. 214, 218-219 (172 SE 597); *Middlebrooks v. Atlanta Metallic Casket Co.*, 63 Ga. App. 620 (2), 624, supra; *Pappadea v. Clifton*, 96 Ga. App. 115, 122 (99 SE2d 455).

This "assumption of skill" doctrine applies equally here in that the defendant is presumed to have knowledge of the allegedly deleterious effects of the suede and leather dust. We are not prepared to say that the presence of suede and leather dust is as obvious as the presence of sawdust in the air (*Connell v. Fisher Body Corp.*, 56 Ga. App. 203, supra). Nor are we pre-

pared to say that the plaintiff here should have known that he would contract pneumoconiosis from inhaling this dust any more than a plaintiff should have known that he would get lead poisoning from lead fumes and dust (*Middlebrooks v. Atlanta Metallic Casket Co.*, 63 Ga. App. 620, supra) or sulphuric acid blindness from sulphuric acid fumes (*Martin v. Tubize-Chatillon Corp.*, 66 Ga. App. 481, supra) or dye or soap poisoning from exposure to soap and alkali solutions (*Peerless Woolen Mills v. Pharr*, 74 Ga. App. 459, supra). This court is and should be reluctant to solve problems of negligence and diligence except in plain and indisputable cases. We think this is a problem for the jury here.

The general demurrer was properly overruled.

■■ Turning now to a consideration of the special demurrers we find that most of them relate to matters raised by the general demurrer. The allegations that the plaintiff contracted pneumoconiosis are attacked as vague and indefinite because it is not alleged what variety of pneumoconiosis was contracted. (Demurrers 2, 6-d). The allegation that plaintiff did not know he could get pneumoconiosis from inhaling this dust, and that inhaling the dust was the proximate cause of his disease are attacked as being conclusions (Demurrers 6-b, 8-a) or vague and indefinite (Demurrer 8-b). All of these demurrers are controlled by our ruling on the general demurrer and there was no error in overruling them.

In another paragraph it is alleged that defendant knew that certain named measures were necessary "in order to prevent petitioner from contracting various diseases of the lungs including pneumoconiosis." The demurrers (4-a and b) directed to the quoted portion of the allegation on the ground that it was immaterial and that it was vague and uncertain as to the types of diseases and type of pneumoconiosis were meritorious only in part (as to the diseases) and therefore cannot be sustained. *American Home &c. Ins. Co. v. Harvey*, 99 Ga. App. 582 (3) (109 SE2d 322); *Atlanta Journal Co. v. Doyal*, 82 Ga. App. 321, 325 (60 SE2d 802).

Special demurrers 3, 6-a and 6-b were expressly abandoned.

■ It is also alleged that before and during the time that

plaintiff worked for defendant, some of defendant's other employees contracted "various diseases of the lungs," which fact was known to the defendant but not to plaintiff. This allegation is irrelevant and immaterial here because the lung diseases are not named, they are not connected by allegations with inhaling leather or suede dust or shown to be related in any other way to plaintiff's complaint, and demurrers on these grounds should have been sustained (Demurrers 5-a, b, c).

The general demurrer was properly overruled as were special demurrers 2, 4-a, b, 6-b, d, 7 and 8-a, b. Special demurrers 5-a, b and c should have been sustained.

*Judgment affirmed in part; reversed in part. Carlisle, P. J., and Russell, J., concur.*

## ON MOTION FOR REHEARING.

Defendant insists that it is entitled to have plaintiff specify in his petition which of the forms of pneumoconiosis he suffers from, and thus to have its special demurrer calling for that information sustained. Since plaintiff does allege that he suffers from pneumoconiosis caused by the inhalation of leather and suede dust, the demurrer is not meritorious. If the facts are alleged as to what caused him to contract the disease it is enough. The scientific name for his particular trouble is, we think, a matter of proof.

*Motion denied.*